UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
:
THOMAS LINES, :
ADMIN. OF THE ESTATE OF :
MARK. LINES : Civil Action No.: 3:21-cv-00029-VLB
      Plaintiff, :
:  **AMENDED COMPLAINT FOR ERISA**
: **BREACH OF FIDUCIARY DUTY;**
v. : **EQUITABLE RELIEF; PRE-JUDGMENT**
: **AND POST-JUDGMENT INTEREST;**
: **AND ATTORNEYS' FEES AND COSTS**
:
:
THE HARTFORD FINANCIAL :
SERVICES GROUP, INC., AETNA, INC., :
AND JORDAN'S FURNITURE, INC. :
: JANUARY 20, 2021
      Defendants. :
:
---------------------------------------------------X

      Plaintiff, Thomas Lines, Administrator of the Estate of Mr. Mark Lines (hereafter "Plaintiff"), brings this action against Jordan's Furniture, Inc. ("Jordan's"), Aetna, Inc. ("Aetna"), and The Hartford Financial Services Group, Inc. ("The Hartford") (Jordan's, Aetna, and The Hartford, are collectively the "Defendants"), alleges as follows:

## PRELIMINARY ALLEGATIONS

      1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq., to recover benefits due under an employee benefit plan and to recover attorney fees and costs.

      2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132 (a), (e), (f) and (g), of the Employee Retirement Income Security Act of

1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves a claim by Plaintiff for breach of fiduciary duty under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining equitable relief, including equitable surcharge, under 29 U.S.C. § 1132(a). Plaintiff also seeks pre-judgment interest, post-judgment interest, and attorneys' fees and costs. Pursuant to 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

      3.      Mr. Mark Lines (hereinafter "Mr. Lines) was, during all relevant periods, a resident of Tolland County in Connecticut. Plaintiff, is Mr. Lines' father and the beneficiary of the life insurance benefits at issue herein. Plaintiff is a resident of Hartford Country in Connecticut.

      4.      Venue is proper in this District, pursuant to 29 U.S.C. §1132(e)(2), because the Plan as hereinafter defined was administered in this District.

      5.      The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. All administrative avenues of appeal have been exhausted.

      6.      Plaintiff is informed and believes that Defendant Jordan's is an organization located in and with its principal place of business in Taunton, Massachusetts and is the sponsor of an employee welfare benefit plan ("Plan"). The Plan purchased group life insurance coverage from Aetna including a Group Basic Term policy. Upon information and belief, the policy issued by Aetna to the Plan bears the policy number GP28507R (the

2

"Policy"). This is the Plan under which Mr. Lines was a participant, and pursuant to which Plaintiff was and is entitled to life insurance benefits covering Mr. Lines' life. It is regulated by ERISA. Jordan's, as the Plan Sponsor is an ERISA fiduciary with respect to the Plan, the Plan's participants, and the Plan's beneficiaries.

7. Plaintiff is informed and believes that Defendant Aetna is a Connecticut Corporation with its principal place of business in the state of Connecticut and is authorized to transact and is transacting business in this state. At the time of issuance, Aetna was the insurer of the life insurance benefits at issue in this Complaint under the Plan – and issued the Policy. Aetna was an ERISA fiduciary with respect to the Plan, the Plan's participants, and the Plan's beneficiaries.

8. Plaintiff is informed and believes that Defendant The Hartford is a Connecticut corporation with its principal place of business in the state of Connecticut and is authorized to transact and is transacting business in this state. Upon information and belief, in or around 2017, Aetna sold its group life insurance policies to The Hartford. Thereafter, The Hartford was the responsible insurer and administrator for the Policy. The Hartford is an ERISA fiduciary with respect to the Plan, the Plan's participants, and the Plan's beneficiaries.

9. Plaintiff alleges upon information and belief that The Hartford is the insurer and Claims Administrator for the Plan within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. §1002(16)(A).

10. At all times relevant herein, Defendants owed ERISA fiduciary duties to Mr. Lines and Plaintiff under ERISA, including, but not limited to, with regard to the Plan and the Policy.

11. Mr. Lines' effective date of insurance under the Plan was on or about October 19, 2015. At all times while employed by Jordan's, Mr. Lines was covered under the Plan's Group Basic Term Life policy and a Group Supplemental Voluntary Life policy.

12. On September 5, 2018, Mr. Lines was terminated by Jordan's. Upon termination, he was provided with inaccurate, incomplete, and plainly wrong information regarding his rights for "conversion" of the Policy from a Group Basic Term Life policy to a personal Permanent Whole Life Policy. Although the conversion from the Policy to a personal Permanent Whole Life policy was permitted under the Plan, he was specifically told that it was not permitted.

13. Given his medical history, Mr. Lines decided he would continue both his Basic and Supplemental life insurance benefits under the Plan. However, he was not provided with any information regarding the procedure to effectuate that continuation, even though he and Plaintiff specifically requested this information both verbally and in writing.

14. About a week after his termination, Mr. Lines submitted a letter to Jordan's stating that he would like information and guidance on how to continue both his Basic and Supplemental Term Life benefits under the Plan. Specifically, Mr. Lines inquired about his Permanent Whole Life "conversion" rights under the Basic Life provisions of the Plan.

15. At that time, Jordan's, through its agents, told Mr. Lines and Plaintiff it no longer offered conversion, but only a "Portability" option. Although he was confused by this statement given that it conflicted with the Plan, Mr. Lines asked for the forms necessary to continue his life insurance benefits in all capacities available under the Plan given that the 31-day-deadline to do so was quickly approaching.

16. Jordan's, however, stated that it did not have any other information and that Mr. Lines needed to contact Aetna directly.

17. Nonetheless, Mr. Lines inquired with Jordan's for additional information time and specifically requested the Plan documents it received from Aetna. In those Plan documents, both conversion and portability rights of the life insurance coverage were described under the Plan, despite the contrary statements of Jordan's representatives and the materials provided by it. However, even then Jordan's failed to provide the necessary forms to allow Mr. Lines to convert the Basic Life Policy.

18. Upon information and belief, The Hartford purchased the policy under the Plan from Aetna and became the administrator of the Plan in or around late 2018.

19. Both Mr. Lines and Plaintiff inquired with Aetna and The Hartford on numerous occasions seeking the necessary forms to convert the policy under the Plan.

20. Jordan's, Aetna, and The Hartford never provided Mr. Lines the opportunity to convert his life insurance coverage despite all knowing they were under an obligation to do so and being specifically asked by him.

21. Mr. Lines passed away on January 27, 2019.

22. In March 2019, Plaintiff made a claim for the term life insurance benefits covering Mr. Lines under the Plan.

23. Although the Defendants paid to the benefit of the Plaintiff an amount of benefits under the Portable Supplemental Term Life Insurance coverage of the policy, it failed to pay him the benefits due Mr. Lines under the Basic Life Conversion coverage of the policy.

24. The Plaintiff submitted additional documents in support of his claim under the

Basic Life coverage of the policy.

25. In a letter dated September 16, 2019, The Hartford denied Plaintiff's claim. In the denial, it claimed that Mr. Lines failed to submit a "Conversion application" and "[Mr. Lines] declined to convert his Basic Life Conversion benefit."

26. Plaintiff timely appealed the denial under the Plan's procedures.

27. In a letter dated September 16, 2019, The Hartford wrongfully upheld the denial on the basis that Mr. Lines did not submit the conversion of coverage form.

28. At no time prior to his death was Mr. Lines provided with conversion options for the Basic Life benefits under the Group Plan, despite specifically requesting these forms. In fact, he was specifically, inaccurately, and misleadingly told by Jordan's that Jordan's did not offer conversion on the Basic Life and his only option was to port his supplemental life.

29. If Mr. Lines' coverage under the Group Plan were ending or ended, Defendants Aetna and/or The Hartford was under an absolute contractual and fiduciary obligation to correctly and accurately provide him with his conversion and portability options and the necessary paperwork to effectuate those options – both of which continued coverage under a life insurance policy.

30. If Mr. Lines' coverage under the Group Plan were ending or ended, Defendant Jordan's was under an absolute contractual and fiduciary obligation to provide him with his conversion and portability options and the necessary paperwork to effectuate those options.

31. If Mr. Lines' coverage under the Group Plan were ending or ended, Defendant Jordan's was under an absolute contractual and fiduciary obligation to accurately inform Aetna and/or The Hartford of this event such that it would provide him with his conversion

and portability options and the necessary paperwork to effectuate those options.

## STANDARD OF REVIEW

32. The appropriate standard of review is de novo.

33. Defendants engaged in ERISA procedural claims violations while administering Plaintiff's claim.

34. Defendants' claims violations were neither inadvertent nor harmless to Plaintiff.

35. Defendants' claims violations trigger de novo review under *Halo v Yale Health Plan*, 819 F.3d 42, 45 (2d Cir. 2016), which holds that de novo is appropriate where a fiduciary fails to follow ERISA's procedural claims regulations and such failure was neither inadvertent nor harmless.

## COUNT ONE
## BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF
## UNDER ERISA 29 U.S.C. § 1132(a)(3)

36. Plaintiff incorporates by reference paragraphs 1-35 as though set fully set forth herein.

37. Jordan's is the Sponsor and Plan Administrator of the Plan.

38. As Sponsor and Plan Administrator for the Plan, Jordan's owes a fiduciary duty to participants and beneficiaries of the Plan, including Plaintiff.

39. Aetna and The Hartford were the Claims Administrators and insurers for the Plan.

40. As Claims Administrators for the Plan, Aetna and The Hartford owe a fiduciary duty to participants and beneficiaries of the Plan, including Plaintiff.

41. Jordan's breached its fiduciary duties under ERISA in the following respects:

(a) it failed to provide complete and accurate information to Mr. Lines regarding the continuation of his life insurance benefits under the Plan, including information as to Mr. Lines rights to convert basic life coverage, when such information was requested by Mr. Lines;

(b) it failed to provide complete and accurate information to Mr. Lines regarding the continuation of his life insurance benefits under the Plan, including information as to Mr. Lines' rights to convert basic group life coverage into a permanent plan, even though it had specific facts concerning Mr. Lines' circumstances that it knew required it to provide complete and accurate information, namely that his ability to become insured under a basic life policy in the future was limited as result of his health issues;

(c) it materially misled Mr. Lines both in its statements to and omissions from him into believing the Plan did not allow for conversion coverage and only allowed for portability coverage;

(d) it failed to provide Mr. Lines with his conversion or portability rights application and paperwork under the Plan when such information was specifically requested by Mr. Lines;

(e) it failed to provide Mr. Lines with an accurate summary plan description as required by 29 U.S.C. § 1024(b)(1);

42. Aetna and The Hartford breached their fiduciary duties under ERISA in the following respects:

8

(a) it failed to provide complete and accurate information to Mr. Lines regarding the continuation of his life insurance benefits under the Plan, including information as to Mr. Lines rights to convert basic life coverage, when such information was requested by Mr. Lines;

(b) it failed to provide complete and accurate information to Mr. Lines regarding the continuation of his life insurance benefits under the Plan, including information as to Mr. Lines' rights to convert basic group life coverage into a permanent plan, even though it had specific facts concerning Mr. Lines' circumstances that it knew required it to provide complete and accurate information, namely that his ability to become insured under a basic life policy in the future was limited as result of his health issues;

(c) it materially misled Mr. Lines both in its statements to and omissions from him into believing the Plan did not allow for conversion coverage and only allowed for portability coverage;

(d) it failed to provide Mr. Lines with his conversion or portability rights application and paperwork under the Plan when such information was specifically requested by Mr. Lines;

(e) it failed to provide Mr. Lines with an accurate summary plan description as required by 29 U.S.C. § 1024(b)(1);

43. At all times relevant, Jordan's, Aetna, and The Hartford were each an ERISA Fiduciary and owed Mr. Lines and his beneficiary, Plaintiff, all the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. § 1104(a). Jordan's, Aetna,

and The Hartford, respectively, breached said duties by, among other things, failing to discharge its duties solely in the interest of, and for the exclusive purpose of, providing benefits to participants and their beneficiaries, including Plaintiff herein. Further, Jordan's, Aetna, and The Hartford, respectively, breached said duties by failing to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent fiduciary acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

44. As a proximate result of the breach of fiduciary duty by Jordan's, Aetna, and The Hartford, respectively, Plaintiff has damages for loss of life insurance benefits in a total sum to be shown at the time of trial.

45. Plaintiff is entitled to relief pursuant to 29 U.S.C. § 1132(a), including, but not limited to, equitable surcharge.

46. As a further direct and proximate result of this breach of fiduciary duty, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Jordan's, Aetna, and The Hartford.

47. The wrongful conduct of Jordan's, Aetna, and The Hartford has created uncertainty where none should exist, therefore, Plaintiff is entitled to equitable remedies to remove that uncertainty.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests that this Court:

    1.    An award of life insurance coverage in the amount not paid to Plaintiff, together with interest at the legal rate on the payment from the date it became due until the date it is paid;

    2.    Clarifying and declaring that the Plan is obligated to pay Plaintiff life insurance benefits under the Plan;

    3.    For reasonable attorney fees incurred in this action; and

    4.    For such other and further relief as the Court deems just and proper.

 

**THE PLAINTIFF
THOMAS LINES,
ADMIN. OF THE ESTATE OF
MR. LINES**

By: /s/ Nate E. Baber
Nate E. Baber (ct21094)
Aeton Law Partners, LLP
311 Centerpoint Drive,
Middletown, CT 06457
P: (860) 724-2170
F: (860) 724-2161
nate@aetonlaw.com
His Attorneys