UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Thomas LINES, Administrator of the Estate of Mark Lines, *Plaintiff*, | ) ) ) ) | 3:21-CV-00029 (KAD) |
| v. | ) ) | |
| HARTFORD FINANCIAL SERVICES GROUP, INC., AETNA, INC., & JORDAN'S FURNITURE, INC., *Defendants*. | ) ) ) ) | FEBRUARY 10, 2022 |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFF'S MOTION FOR LEAVE TO AMEND & DEFENDANT'S MOTION TO DISMISS, ECF NOS. 26 & 35**

Kari A. Dooley, United States District Judge:

Through this action, Plaintiff Thomas Lines seeks to recover life insurance benefits allegedly due under a group life insurance plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as, in the alternative, equitable relief. Plaintiff is the father of decedent Mark Lines who was formerly employed by Defendant Jordan's Furniture, Inc., ("Jordan's") and he brings this case in his representative capacity as the Administrator of Mark Lines' estate. Plaintiff alleges that the decedent attempted to convert his group life insurance policy to an individual policy after Jordan's terminated his employment but that he was wrongfully prevented from doing so. Defendants Hartford Financial Services Group, Inc. ("The Hartford") and Aetna, Inc. ("Aetna") are alleged to have been the insurers under the ERISA plan. Proposed additional Defendants Aetna Life Insurance Company ("ALIC") and Hartford Life and Accident Insurance Company ("HLAIC") were later identified as the actual insurers under the plan.

Pending before the Court are Defendants The Hartford and Aetna's Motion to Dismiss, ECF No. 26, and Plaintiff's Motion for Leave to Amend the Complaint, ECF No. 35. The Hartford

and Aetna seek dismissal of all claims against them and further object to the motion to amend to add HLAIC and ALIC as defendants asserting that any such amendment would be futile. For the reasons set forth below, The Hartford and Aetna's Motion to Dismiss is GRANTED and Plaintiff's Motion for Leave to Amend the Compliant is GRANTED in part and DENIED in part.

**Allegations**

The Court accepts as true the allegations in the Proposed Second Amended Complaint ("PSAC"), and those allegations are set forth as follows. Mark Lines, the decedent, had a Group Basic Term Life insurance policy and a Group Supplemental Voluntary Life insurance policy through his employer, Jordan's. (PSAC ¶ 11.) His effective date of insurance was October 19, 2015. (*Id.*) The policy was purchased through ALIC. (*Id.* ¶ 6.) At some point in late 2018, HLAIC purchased the policy and became the administrator under the plan.[1] (*Id.* ¶ 24.) Mark Lines was terminated from his employment by Jordan's on September 5, 2018. (*Id.* ¶ 12.)

Upon his termination, Mark Lines was given inaccurate information concerning his ability to convert his Group Basic Term Life policy into a personal Permanent Whole Life policy. (*Id.*) Mark Lines asked Jordan's how to go about converting his policy. (*Id.* ¶¶ 15–23.) But in response, Jordan's made conflicting statements, and at one point the company told Mark that his policy had been converted. (*Id.*) Jordan's also told Mark to contact "Aetna" directly. (*Id.* ¶ 21.) Plaintiff maintains that both he and Mark Lines made numerous inquiries of The Hartford, Aetna, ALIC, and HLAIC about how to convert the policy. (*Id.* ¶ 25.)

Mark Lines died on January 27, 2019, and Plaintiff made his claim for benefits in March 2019. (*Id.* at 27–28.) On September 16, 2019, "[T]he Hartford, HLAIC, ALIC, and/or Aetna"

---

[1] Defendants attached, as Exhibit A to their motion to dismiss, a copy of the Benefit Plan Booklet Certificate Prepared Exclusive for Jordan's Furniture Company, Inc. This is the ERISA plan through which the life insurance was offered. Hereinafter, the Court will use "the Plan" to refer to this document.

denied and/or upheld the denial of Plaintiff's claim on the Group Basic Term Life policy. (*Id.* ¶¶ 31, 33.) "[T]he Hartford, HLAIC, Aetna, and/or ALIC" then upheld the decision to deny Plaintiff's claim because Mark Lines had not submitted the required conversion form, which meant that Mark Lines did not have Basic Life Conversion Coverage at the time of his death. (*Id.* ¶ 34.)

**Procedural History**

Plaintiff filed his initial complaint against The Hartford, Aetna, and Jordan's on January 8, 2021. Plaintiff sought equitable relief—in the form of "[a]n award of life insurance coverage in the amount not paid to Plaintiff, together with interest"—in a single count alleging a breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3). Before serving this complaint, he filed an amended complaint, which corrected the case caption, on January 20, 2021.[2]

Pursuant to Fed. R. Civ. P. 16(b), the Court set a May 14, 2021 deadline for Plaintiff's motion to amend the pleadings, a deadline that was later extended to May 21, 2021 following a motion for extension of time. (ECF No. 28.) Aetna and The Hartford filed a motion to dismiss on May 5, 2021, and Jordan's answered the amended complaint on May 14, 2021. (ECF Nos. 26, 29.)

Plaintiff filed a motion for leave to amend the complaint on May 21, 2021.[3] (ECF No. 35.) Attached to this motion was the PSAC, by which Plaintiff seeks to add ALIC and HLAIC as defendants as well as to bring additional claims. The Court stayed briefing on the pending motion to dismiss and set a briefing schedule for the motion for leave to amend as a more efficient means of addressing not only the viability of the claims against The Hartford and Aetna, but also those against ALIC and HLAIC. (ECF No. 38.)

**Legal Standard**

---

[2] The caption on the initial complaint only listed The Hartford as a defendant.
[3] The motion at ECF No. 35 was a corrected version of an earlier filed motion, at ECF No. 32. After the Court received ECF No. 35, the Court mooted the motion for leave to amend at ECF No. 32 and the motion for joinder at ECF No. 34. (*See* ECF No. 41.)

3

*Rule 15*

Federal Rule of Civil Procedure 15(a) provides that, under certain circumstances, a party may amend a pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"A motion for leave to amend the complaint can be denied, however, if the defendant can demonstrate undue delay in filing the amended complaint, undue prejudice if the amended complaint is permitted, or the futility of the amendment." *Senich v. American-Republican, Inc.*, 215 F.R.D. 40, 41 (D. Conn. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In order to be considered futile, the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim." *Id.* The standards by which a motion to dismiss is decided are set forth below.

*Rule 12(b)(6)*

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss,

4

the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citations omitted, internal quotation marks omitted). The court may also consider documents which the plaintiff relied upon in bringing suit if the documents are "integral" to the complaint. *Faulkner v. Beer*, 463 F.3d 130, 133–35 (2d Cir. 2006); *see also Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (noting that the court may rely on documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit).

**Discussion**

The PSAC makes significant changes to the operative amended complaint. In particular, the PSAC joins ALIC and HLAIC to the action and adds a new cause of action against all defendants. The PSAC also breaks the case into two counts, one against Jordan's and one against Aetna, The Hartford, ALIC, and HLAIC. The inclusion of ALIC and HLAIC are a response to Aetna and The Hartford's motion to dismiss, which argued that Aetna and The Hartford were not proper defendants in this action. (*See* Pl.'s Reply Mem. 3–4, ECF No. 43; Defs.' Mem. 8, ECF No. 26-1.) The PSAC also includes an additional ERISA claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) against all defendants.

Case 3:21-cv-00029-KAD   Document 51   Filed 02/10/22   Page 6 of 17

*Procedural Posture—Motion for Leave to Amend or Motion to Dismiss*

In submitting the PSAC, Plaintiff filed a Motion for Leave to Amend pursuant to Fed. R. Civ. P. 15(a)(2). But in seeking a motion for extension of time to respond to the motion to dismiss, ECF No. 37, Plaintiff asserted that he had not used his right to amend his complaint once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) and that, consequently, Plaintiff may not need to respond to Defendant's motion to dismiss. Plaintiff did not explain or even acknowledge that he had, in fact, filed a motion for leave to amend pursuant to Rule 15(a)(2). Nor did Plaintiff clarify his position in his Reply to Defendants' Opposition to Plaintiff's Motion for Leave to Amend. (ECF No. 43.) Therein, although Plaintiff maintains that he has not used his right to amend once as a matter of course, he does not invoke that right as a means of having his PSAC replace the operative complaint. The Court does not address or resolve this question and will address the motion actually filed—a Rule 15(a)(2) motion to amend.[4]

*Claims Against Aetna and The Hartford*

---

[4] In any event, the outcome of the issues before the Court do not turn on whether the Court takes up Plaintiff's Motion for Leave to Amend or assumes that Plaintiff has retained his right to amend pursuant to Fed. R. Civ. P. 15(a)(1)(B). The Second Circuit has recently held that "when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020). Evaluating the motion to dismiss in light of the amended complaint is functionally the equivalent of a futility analysis when deciding whether to allow leave to amend a complaint pursuant to Rule 15(a)(2). *See id. See also Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."), *abrogated on other grounds by Knick v. Township of Scott*, 139 S. Ct. 2162 (2019).

It is also worth noting that the Court's 16(b) Scheduling Order stated that "The Plaintiff *shall move to amend the pleadings* or move to join additional parties by **May 14, 2021**," a deadline that was later extended. (*See* ECF No. 23 (bold in the original; italics added).) The Second Circuit has held that "amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Arguably then, once the Court entered its Rule 16(b) Scheduling Order and set a deadline for *making a motion to amend the pleadings*, Plaintiff's right to amend pursuant to Rule 15(a)(1)(B) was curtailed by the Rule 16(b) Order. However, because this issue is not squarely before the Court, the parties have not briefed this issue, and *Kassner* predated the 2009 Amendments to Rule 15, the Court does not decide whether the Court's Scheduling Order limited Plaintiff's right to amend as a matter of course.

6

In proceeding against Aetna and The Hartford, the Plaintiff simply lumps all four insurer entities together—making no effort to distinguish between them—and treats them, essentially, as one. But the law does not countenance such an approach, and instead respects the distinctions between separate legal entities. In ERISA cases, the law looks to the actual entity in privity to the ERISA plan.

Plaintiff alleges, and therefore admits, that Aetna and The Hartford are the parent corporations of subsidiaries ALIC and HLAIC, respectively. (PSAC ¶¶ 7–8.) "[A] parent corporation and its subsidiaries are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both." *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Intern., Inc.*, 2 F.3d 24, 26 (2d Cir. 1993); *see also Estate of Kenyon v. L+M Healthcare Health Reimbursement Account*, 404 F. Supp. 3d 627, 633 (D. Conn. 2019) ("ERISA plans are contracts, and courts use 'familiar rules of contract interpretation' when addressing an ERISA plan.") (quoting *Lifson v. INA Life Ins. Co. of N.Y.*, 333 F.3d 349, 353 (2d Cir. 2003) (*per curiam*)). And here, the Plan, attached as Exhibit A to the motion to dismiss and clearly integral to the PSAC, provides that the contract is between Jordan's and ALIC. *See S.M. v. Oxford Health Plans (N.Y.), Inc.*, 94 F. Supp. 3d 481, 498 (S.D.N.Y. 2015) (finding that a plaintiff could not proceed against corporate entities that were not privy to the ERISA plan even though the dismissed entities shared a common logo and were subsidiaries of the same parent corporation, which was also dismissed). Plaintiff alleges no factual basis for his claims against The Hartford and Aetna other than their status as the parent corporations of HLAIC and ALIC. This is not sufficient. Further, Plaintiff's argument that he has sufficiently pleaded that Aetna and The Hartford have fiduciary or contractual duties in their own rights is rejected. Plaintiff relies upon paragraphs 41, 50, and 51 of the PSAC as containing allegations that Aetna and The Hartford had both contractual and fiduciary duties to

Mark Lines. (Pl.'s Reply Mem. 9.) However, these allegations are merely conclusory statements that are not entitled to the presumption of truth and, in fact, are belied by the express language of the Plan. *See Iqbal*, 556 U.S. at 678.

Accordingly, the PSAC does not moot the motion to dismiss filed by Aetna and The Hartford and the claims against them are dismissed with prejudice.

### *ALIC and HLAIC*

In seeking to prevent the PSAC from joining ALIC and HLAIC to this action as a futile endeavor,[5] Defendants advance three arguments: (1) that Plaintiff cannot recover the benefits he seeks pursuant to 29 U.S.C. § 1132(a)(1)(B); (2) that Plaintiff cannot state a claim against ALIC and HLAIC pursuant to 29 U.S.C. § 1132(a)(3); and (3) that ALIC and HLAIC were not co-fiduciaries with Jordan's. All three of Defendants' arguments turn on a single fact: The Plan did not obligate ALIC and HLAIC to provide information about Mr. Lines' conversion and portability rights. Plaintiff does not directly contest this fact, instead arguing that ALIC and HLAIC's liability arises from the fact that they were aware that Jordan's gave Mark Lines "bad information" regarding the conversion of his Group Life policy.

The Court finds that the Plan is unambiguous as to ALIC and HLAIC's obligations, and the Court agrees that Plaintiff cannot state a claim under § 1132(a)(1)(B) or § 1132(a)(3). The Court disagrees however with ALIC and HLAIC that the PSAC does not adequately or plausibly allege that they have liability arising out of their role as co-fiduciaries with Jordan's.

Section 1132(a)(1)(B)

---

[5] Defendants allege that HLAIC acquired a block of business from ALIC in November 2017, which contained the policy at issue. Defendants further allege that, although HLAIC engaged in "administrative communications with Plaintiff regarding his claim," ALIC, because it remained the insurer, is the only proper defendant. Defendants then stipulate that they will refer to ALIC and HLAIC, collectively, as ALIC in its arguments. (*See* Defs.' Mem. 10 n.4, ECF No. 42.) In making its decision, the Court does not consider these factual assertions because they are outside the scope of the pleadings, but the Court accepts that Defendants intended their arguments to apply to both ALIC and HLAIC.

8

Section 1132(a)(1)(B) provides: "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See also Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 82 (2d Cir. 2001) ("Essentially, plaintiffs assert under this section a contractual right under a benefit plan.") (quotations and citations omitted). "To maintain a claim pursuant to [§ 1132(a)(1)(B)], a plaintiff must demonstrate that the employee benefit plan in question is a plan covered by ERISA, that she is a participant in or beneficiary of the plan, and that she exhausted administrative remedies." *Harrison v. Metropolitan Life Inc. Co.*, 417 F. Supp. 2d 424, 434 n.2 (S.D.N.Y. 2006) (citing *Molyneux v. Arthur Guinness & Sons*, 616 F. Supp. 240 (S.D.N.Y. 1985)).

Defendants argue that Plaintiff cannot invoke this section to seek life insurance benefits under the Plan because the benefits at issue expired when Mark Lines lost his job and failed to follow the proper procedures to convert his life insurance plan. As Defendants put it, "the Plan does not permit a former employee to continue eligibility for benefits after termination, without following the procedures to port or convert benefits." (Defs.' Mem. 12.) In essence, because Mark Lines did not convert his life insurance policy, there is no policy under which to recover benefits.

The Court agrees. "ERISA does not create any substantive entitlement to employer-provided health benefits or any other kind of welfare benefits. Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *Devlin*, 274 F.3d at 82 (quoting *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)). Here, the Plan clearly required that, upon termination of employment, Mark Lines' life insurance coverage would end unless he converted his policy by submitting an application form, which was to be provided by Jordan's, within thirty-one days of his termination. Without a

9

converted life insurance policy under which to claim benefits, Plaintiff cannot sustain a claim for benefits under § 1132(a)(1)(B). *See Sullivan-Mastecky v. Verizon Communications Inc.*, 961 F.3d 91, 98 (2d Cir. 2020) (affirming summary judgment denying claim for benefits under § 1132(a)(1)(B) where, despite Plaintiff's claim to a substantially higher life insurance benefit, the plan clearly and accurately described the lower benefit to which the Plaintiff was entitled); *In re DeRogatis,* 904 F.3d 174, 179 (2d Cir. 2018) (affirming summary judgment on claim seeking award of benefits where "[t]he plain terms of the Pension Plan establish that [Plaintiff] was not entitled to the augmented survivor benefit that she seeks, notwithstanding any erroneous advice that she may have received."). As observed by the Second Circuit Court of Appeals in *In re DeRogatis*, "we are mindful that—as the Supreme Court has emphasized—section 502(a)(1)(B)'s language 'speaks of *enforcing* the terms of the plan, not of *changing* them.'" 904 F.3d at 189 (quoting *CIGNA Corp, v. Amara*, 563 U.S. 421, 436 (2011) (emphasis in original). As is the case here, the plaintiffs in both *Sullivan-Mastecky* and *In re DeRogatis* brought claims for benefits based not on the terms of the applicable plans, but on the strength of the defendants' (largely) oral representations regarding those benefits. However, in both cases, as is also the case here, neither plan provided for the benefit sought under the circumstances presented.

Plaintiff does not allege that he successfully converted his life insurance policy and in fact acknowledges that he did not. His claim is that Jordan's wrongfully prevented him from doing so. And Plaintiff has cited no case authority supporting a § 1132(a)(1)(B) claim on facts similar to those present here. At most, Plaintiff has alleged that ALIC and HLAIC knew, at an unspecified point in time, that Jordan's had provided Mark Lines with incorrect information and at that point failed to act. But those allegations, while perhaps supporting a breach of fiduciary duty claim, discussed *infra*, do not support a claim for benefits pursuant to § 1132(a)(1)(B).

Section 1132(a)(3)

Section 1132(a)(3) provides: "A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." "Our precedent holds that, to state a claim under [§ 1132(a)(3)] for fiduciary breach based on a defendant's alleged failure to provide complete and accurate information about plan benefits, a plaintiff must establish three elements: (1) the defendant was performing a fiduciary function when it engaged in the conduct at issue in the complaint; (2) the defendant breached a fiduciary duty; and (3) the plaintiff is entitled to equitable relief." *In re DeRogatis*, 904 F.3d at 190.[6]

"The Second Circuit employs a functional approach to determine whether individuals and entities are ERISA fiduciaries 'by focusing on the function performed, rather than on the title held.'" *Doe 1 v. Express Scripts, Inc.*, 837 F. App'x. 44, 48 (2d Cir. 2020) (quoting *Blatt v. Marshall & Lassman,* 812 F.2d 810, 812 (2d Cir. 1987)). "[A] person may be an ERISA fiduciary with respect to certain matters but not others; fiduciary status exists only to the extent that the person has or exercises the described authority or responsibility over a plan." *Id.* (quoting *Coulter v. Morgan Stanley & Co.,* 753 F. 3d 361, 366 (2d Cir. 2014)).

Defendants argue that amending the complaint to include § 1132(a)(3) claims against ALIC and HLAIC would be futile because: (1) Plaintiff cannot recover monetary damages under § 1132(a)(3) because relief under that section is limited to the equitable variety; (2) the Second

---

[6] Section 1132(a)(3) and Section 1132(a)(1)(B) complement each other: Where relief can be provided pursuant to § 1132(a)(1)(B), courts will not generally provide relief pursuant to § 1132(a)(3). *See Frommert v. Conkright*, 433 F.3d 254, 270 (2d Cir. 2006); *see also Varity Corp. v. Howe*, 516 U.S. 489, 510–12 (1996) (discussing § 1132(a)(3) and its role as a "catchall" provision that offers equitable relief for injuries that the section does not adequately address otherwise).

11

Circuit's decision in *Sullivan-Mestecky v. Verizon Communications, Inc.*, 961 F.3d 91 (2d Cir. 2020) forecloses Plaintiff's theory of fiduciary liability; and (3) that the Plan clearly delineates who was the fiduciary responsible for providing Mark Lines with conversion information, and that fiduciary was not ALIC or HLAIC. Plaintiff responds, without authority, that the allegations that ALIC and HLAIC knew that Jordan's had provided bad information to Mark Lines and denied the benefits at issue anyway are "actionable" under this provision. (Pl.'s Reply. 11.)

Here, Plaintiff's allegations concerning ALIC and HLAIC's breach of fiduciary duty in the PSAC fall into two categories: (1) ALIC and HLAIC's conduct in refusing to approve Plaintiff's claim despite knowing of Jordan's alleged failures, and (2) ALIC and HLAIC's conduct in not independently informing Mark Lines of his conversion rights.[7] Neither circumstance, even if true, can support a breach of fiduciary duty claim.

As to the first category—denial of the claim despite knowing of Jordan's failures—the Defendants argue that Plaintiff cannot undue the outcome of the life insurance claims process through a § 1132(a)(3) theory because that remedy is properly sought pursuant to § 1132(a)(1)(B). (Defs.' Mem. 13.) The Court agrees with the Defendants. *See Jeffrey Farkas, M.D., LLC v. Cigna Health & Life Ins. Co.*, 386 F. Supp. 3d 238, 247 (E.D.N.Y. 2019). "'Ordinary' denial of benefits claims find a remedy under the second enforcement provision, § 1132(a)(1)(B), which permits review of a claim administrator's denial of benefits. Breach of fiduciary duty claims find a remedy under the third and fourth enforcement provisions, § 1132(a)(2) and (a)(3)." *Klecher v. Metropolitan Life Ins. Co.*, 331 F. Supp. 2d 279, 286 (S.D.N.Y. 2004). Plaintiffs are free, of course,

---

[7] Specifically, Plaintiff alleges that ALIC and HLAIC failed to provide complete and accurate information to Mark Lines; that ALIC and HLAIC failed to take reasonable steps to remedy Jordan's failure to provide complete and accurate information to Mark Lines after they became aware of Jordan's failures; that ALIC and HLAIC knowingly participated in Jordan's failures by denying Plaintiff's claims despite knowing of Jordan's failures; that ALIC and HLAIC failed to provide Mark Lines with information about his conversion rights despite being specifically asked for such information; that ALIC and HLAIC failed to provide a full and fair review of Plaintiff's claims; and that ALIC and HLAIC acted in bad faith by denying Plaintiff's claims despite knowing of Jordan's failures. (PSAC ¶¶ 53(a–f).)

to plead in the alternative. *See* Fed. R. Civ. P. 8(d); *see also Devlin*, 274 F.3d at 89 (noting that "should plaintiffs' claims under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B), to enforce their rights under the plan fail, plaintiff's breach of fiduciary duty claim is their only remaining remedy."). But a plaintiff cannot allege that a defendant breached a fiduciary duty **by denying a claim**, which is a cause of action properly founded on § 1132(a)(1)(B) because such a theory of liability seeks the benefits allegedly due under the policy at issue rather than equitable relief. *See also Curran v. Aetna Life Ins. Co.*, No. 13-cv-0289 (NSR), 2013 WL 6049121, at * 8 (S.D.N.Y. Nov. 15, 2013) (citing *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 104 (2d Cir. 2005)) ("Plaintiff here seeks monetary damages that essentially derive from the claim determination, which is based on the terms of the Plan documents."); *McBride v. Unum Provident*, No. 6:07-CV-0232 (NPM/GJD), 2008 WL 2169692, at *5 (N.D.N.Y. May 22, 2008) (finding a breach of fiduciary duty claim duplicative of a claim brought pursuant to § 1132(a)(1)(B)).

Notwithstanding, Plaintiff asserts that he can bring a breach of fiduciary duty claim to recover the denied benefits because equitable surcharge is an available remedy. This argument is beside the point. The argument presupposes the viability of a breach of fiduciary duty claim premised upon a denial of benefits. As discussed, such a claim is not viable, so the hypothetical availability of relief for same is a non-starter. The Court recognizes that equitable surcharge may well be an appropriate remedy where a viable breach of fiduciary duty claim has been advanced. *See In re DeRogatis,* 904 F.3d at 199 (remanding case for a determination of whether equitable surcharge should be assessed in favor of plaintiff if plaintiff successfully proves that the defendant breached its fiduciary duty by providing an opaque plan description and orally misrepresenting the terms of the plan); *Sullivan-Mastecky,* 961 F.3d at 105 (remanding for determination of whether a breach of fiduciary duty occurred and if so, the appropriate remedy, to include either surcharge or

13

reformation of the plan). But that is not the case with respect to the denial of benefits claim at issue here. The Motion for Leave to Amend to add this claim is therefore denied.

Second, Plaintiff's theory that ALIC and HLAIC breached their fiduciary duty when they failed to inform Mark Lines regarding his conversion rights also fails because it is clear under the Plan that ALIC and HLAIC had no independent fiduciary duty to do so. As discussed above, the plaintiff must allege that the defendant was "performing a fiduciary function when it engaged in the conduct at issue in the complaint." *In re DeRogatis*, 904 F.3d at 190. And "a person may be an ERISA fiduciary with respect to certain matters but not others; fiduciary status exists only ***to the extent*** that the person has or exercises the described authority or responsibility over a plan." *Express Scripts, Inc.*, 837 F. App'x. at 48. (quoting *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014)) (emphasis added). While HLAIC and ALIC are adequately alleged to be fiduciaries generally under the Plan and as contemplated by ERISA, it is clear that ALIC and HLAIC were not performing a fiduciary function when they engaged in the conduct at issue in the complaint. The conduct at issue is the failure to independently advise Mark Lines regarding his conversion rights or the process for pursuing those rights. However, the Plan, in pertinent part, provides: "Your employer will provide you or your dependents with a copy of the application for conversion of term life insurance, which features detailed instructions." (The Plan, Ex. A to Defs.' M. Dismiss 29, ECF No. 26-3.) Plaintiff has not alleged that ALIC or HLAIC were ever Mark Lines' employer, and it is clear they were not. Jordan's had the exclusive duty to provide Mark Lines with information regarding his conversion rights. ALIC and HLAIC simply had no such independent duty under the Plan and the Plaintiff identifies no provision in the Plan that might, even arguably, indicate otherwise. *See Gilbert v. LaSalle Bank Corp.*, No. 06 Civ. 4799(LAK)(JCF), 2007 WL 1290598, at *5 (S.D.N.Y. May 2, 2007) (report and recommendation)

(holding that because a plan covered by ERISA required the employer to notify individuals of conversion rights, the defendant life insurance company "had no duty to provide [the insured] with notice regarding conversion."), *adopted over objections* 2007 WL 1484973 (S.D.N.Y. May 22, 2007), *affirmed on appeal* 402 F. App'x 538, 540 (2d Cir. Sept. 16, 2010). Other than asserting that ALIC and HLAIC are fiduciaries generally, Plaintiff points to no provision in the Plan, case authority, or statutory provision that would saddle ALIC or HLAIC with an independent duty to inform Mark Lines of his conversion rights. *See Howard v. Gleason Corp.*, 901 F.2d 1154, 1160–61 (2d Cir. 1990) (holding that ERISA does not require individualized notice of conversion rights beyond the notice required through the provision of summary plan descriptions or other explanations of benefits). The Motion for Leave to Amend to add a breach of fiduciary duty claim premised upon ALIC and HLAIC's failure to provide information regarding Lines' conversion rights pursuant to § 1132(a)(3) is therefore denied.

<u>Co-Fiduciary Liability</u>

Plaintiff also alleges in the PSAC that ALIC and HLAIC are co-fiduciaries with Jordan's and are therefore liable for failing to remedy Jordan's breach of its fiduciary duties. Although not specifically cited in the PSAC, Plaintiff advances this theory of liability with reference to 29 U.S.C. § 1105 in his Reply Brief.[8] Section 1105(a)(3) provides in pertinent part: "[A] fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." *See also Willett v. Blue Cross and Blue Shield of Alabama*, 953 F.2d 1335, 1340–41 (11th Cir. 1992) (noting that an insurer

---

[8] Plaintiff is non-specific as to exactly which subsection of 29 U.S.C. § 1105 applies, and, as indicated, the PSAC includes no reference at all. However, because the PSAC includes allegations which support the inference that Defendants had knowledge of Jordan's purported breach at the time it was occurring, the Court construes the PSAC to allege a claim pursuant to 29 U.S.C. § 1105(a)(3) at the very least.

may be liable pursuant to § 1105(a)(3) for an employer's breach of fiduciary duty). In the context of a case brought by a fiduciary against an asset manager pursuant to § 1132(a)(2) for violations of § 1109, the Second Circuit held that the elements of a § 1105(a)(3) claim are (1) that the defendant is a fiduciary with respect to the plan, (2) that the defendant had knowledge of the co-fiduciary's breach, (3) that the defendant failed to make reasonable efforts to remedy the co-fiduciary's breach, and (4) that the plaintiff's loss resulted from the defendant's failure. *See Silverman v. Mutual Ben. Life Ins. Co.*, 138 F.3d 98, 104 (2d Cir. 1998).

As to this claim, Defendants argue that they were not co-fiduciaries with Jordan's because ALIC and HLAIC did not share the specific fiduciary duty of notifying Mark Lines about his conversion rights, which is a duty that the Plan specifically allocates to Jordan's as Mark Lines' employer. (Defs.' Opp. Mem. 14–19.) In other contexts, however, courts have observed that "fiduciaries may be liable under § 1105(a) even if their co-fiduciary's breach is beyond the scope of their own discretionary authority." *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461, 480 (S.D.N.Y. 2005) (citing *In re WorldCom, Inc. ERISA Litig*, 354 F. Supp. 2d 423, 445 (S.D.N.Y. 2005); *Silverman*, 138 F.3d at 106 (Jacobs, J., concurring)). The statute itself does not expressly contain such a limitation and provides "a fiduciary *with respect to a plan* shall be liable for a breach of fiduciary responsibility of another fiduciary *with respect to the same plan* . . . ." 29 U.S.C. § 1105(a) (emphasis added). And as Judge Jacobs observed in his concurring opinion in *Silverman*: "Section 1105(a)(3) provides for extraordinarily broad liability for co-fiduciaries because it requires only that the defendant be a fiduciary of the same *plan* as the breaching fiduciary, not that they be fiduciaries with respect to the same *assets*." 138 F.3d at 106 (emphasis in original).

Defendants cite no authority for the proposition that co-fiduciary liability attaches only where the fiduciaries share the same responsibilities. Nor do the Defendants advance any other

16

arguments challenging the application of § 1105 to the circumstances presented here. Indeed, the Defendants do not challenge the factual adequacy of the co-fiduciary claim as pleaded. Accordingly, the Court concludes that the Plaintiff has plausibly alleged that ALIC and HLAIC were co-fiduciaries with Jordan's and are potentially liable for failing to remedy Jordan's breach of its fiduciary duty to provide the information necessary to convert Mr. Lines' life insurance policy. The motion to amend to add ALIC and HLAIC and the breach of co-fiduciary duty claim is GRANTED.

**Conclusion**

For the foregoing reasons, the claims against The Hartford and Aetna are DISMISSED with prejudice. The Clerk of the Court is directed to terminate The Hartford and Aetna as defendants. The Motion for Leave to Amend to add denial of benefits claims against ALIC and HLAIC pursuant to § 1132(a)(1)(B) and the breach of fiduciary duty claims discussed herein pursuant to § 1132(a)(3) is DENIED. The Motion to Amend the Complaint to add the co-fiduciary claim against ALIC and HLAIC as discussed above is GRANTED.

Plaintiff is directed to file a Second Amended Complaint consistent with this decision, and to effectuate service upon HLAIC and ALIC within 30 days.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of February 2022.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE